UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-cr-40004-JPG |
| JULIAN N. RODRIGUEZ, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 101). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B). The defendant also asks for appointment of counsel to pursue such a reduction (Doc. 100).

The defendant pled guilty to two offenses committed in 2016 and/or 2017: conspiracy to distribute methamphetamine (Count 1) and distribution of methamphetamine (Count 4). There was no crack cocaine included in the defendant's relevant conduct. On November 20, 2017, the Court imposed a sentence of 188 months on both counts to run concurrently.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[1] Section 404 of the First Step Act provides in full:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

offiense, but only if the Court had imposed that sentence before another statute—the Fair

Sentencing Act—modified the statutory sentencing range for that crack cocaine offense.   First

Step Act, § 404(b).   In essence, the First Step Act retroactively applies the Fair Sentencing Act's

lower statutory sentencing ranges and allows the Court to bring past sentences into line with the

lower ranges.   The authority to reduce a sentence applies only to (1) federal offenses (2)

committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the

Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.

*See* First Step Act, § 404(a).   Whether to reduce a sentence is at the discretion of the Court and

is not required by the First Step Act.   First Step Act, § 404(c).   In sum, the Court now may, but

is not required to, reduce a defendant's sentence if application of a statutory range changed by

the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original

sentence.

　　　The defendant's convictions are not the type of convictions covered by § 404 of the First

---

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Step Act. While he committed federal offenses, he did not commit them before August 3, 2010, and the Fair Sentencing Act did not modify the applicable statutory sentencing range for the defendant's crimes. On the contrary, it only changed the statutory penalty range for certain crack cocaine offenses, Fair Sentencing Act, § 2(a) (codified at 21 U.S.C. § 841(b)(1)(A)(iii) & (b)(1)(B)(iii)), and the defendant was not convicted of any crack cocaine offense. For this reason, the First Step Act does not authorize a reduction in the defendant's sentence.

Accordingly, the Court **DENIES** the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 101). It further **DENIES** the defendant's motion for appointment of counsel (Doc. 100) since counsel's input would not have made any difference in the outcome of this proceeding.

**IT IS SO ORDERED.**
**DATED: March 17, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**